LAW OFFICE OF
# *Teri B. Himebaugh, Esq.*
2201 Pennsylvania Ave. #513
Philadelphia, PA 19130
(484)686-3279
(267)886-8795 (fax)
thimebaughesq@earthlink.net
March 21, 2016

The Honorable Gene Pratter
U.S. District Court
601 Market St.
Philadelphia, PA 19106-1768

      Re:    Simpson v. Wetzel, et. al.
               Civil Action No. 15-4510

Dear Judge Pratter:

      Counsel wishes to respond to the Commonwealth's March 18, 2016 letter electronically filed with the court last Friday afternoon.

      Over the last twenty eight years of practice counsel has handled many, many federal habeas petitions. She has been capital case certified since 2010 and has attended 38 hours (as opposed to the minimum requirement of only 18 hours) of capital case Continuing Legal Education.[1] (Exh.1). She has additionally taken multiple Continuing Legal Education courses on federal habeas corpus representation.[2]

      Counsel was initially retained on Petitioner's behalf solely in relation to the remand hearing in the PCRA court and exhaustion of the claims that raised. When counsel was re-retained to represent the Petition in his federal habeas petition, she calculated the habeas due date and also contacted Shawn Nolan at the Federal Defenders and asked him to confirm her calculation of that date which was December 31, 2015. (Exh.2). In reliance on that date, counsel immediately began the necessary review, research and investigation and drafting on all the issues that were properly federalized, raised and exhausted before she took over the case and which she was unfamiliar with.

      However, on July 30, 2015 (five months before that date) an execution order was issued. That meant that the habeas petition had to be filed significantly earlier than

---

[1]    Counsel has additionally just attended a 4 credit CLE on Juvenile Lifer Law which may also count for capital case credit given the similar nature of the issues now involved. Attendance at this CLE has not yet been acknowledged yet by the PA Supreme Court which usually take 30 days to do so.

[2]    While that does not diminish counsel's responsibility to reasonably know the law, counsel has re-reviewed the CLE materials that came with the CLE courses to see if this timeliness issue was addressed and it does not appear that it was. Nor can she recall it being specifically addressed at any of the classes.

counsel expected it to be in order for the court to have jurisdiction to enter the stay.

Never having had a case in this procedural posture before, counsel again conferred with Shawn Nolan at the Federal Defenders about what to do. She was specifically instructed to file the habeas form/petition with the Grounds as: "Petitioner will identify the claims raised and exhausted in state court and his claims for relief in his forthcoming counseled habeas petition." Counsel also conferred with several other experienced habeas attorneys. Unfortunately, counsel was not told by those she consulted and remained unaware until she received the March 18, 2016 letter that this form had to have been amended by December 31, 2015. She was working under the apparently incorrect assumption that since the statute had been tolled, nothing further had to be filed until the amended petition and that it would relate back to the date of the original filing.

When counsel filed her entry of appearance she also filed a Motion for Leave to Amend. In that motion counsel asked for 180 days from that date to file the amended petition. This was granted by the Court.[3] It however became apparent that additional time would be needed for counsel to effectively present the twenty four meritorious claims which needed to be raised. In addition to the sheer number and complexity of the claims, several of the claims required investigation outside of the record be undertaken to determine if the claim could be raised in this forum.[4] Counsel accordingly asked for an additional 180 days to file the amended petition on January 20, 2016. The Court granted this Motion.

Counsel and her assistants worked literally hundreds of hours on what became the most extensive and thorough habeas petition that counsel has ever filed on behalf of *any* client. Counsel only completed the 199 page memorandum of law approximately a week ago and had sent it to Petitioner to review before filing on what counsel believed was the due date of April 18, 2016.[5]

During her twenty eight years of practice, counsel has *never* missed a statutory deadline or filed a petition or other document late. In fact, this was the only time she can recollect having had to file a second request for additional time to complete a petition in any court. Had counsel been aware of the December 2015 deadline to file an amended habeas petition she would have ensured that it was done on time.

Counsel avers that it would be a miscarriage of justice and manifestly unjust particularly in a capital case to not allow Petitioner's now filed habeas corpus petition to be reviewed by the federal courts on its' merits. "Miscarriage of Justice" is a sufficient showing of actual innocence to overcome procedural bars. *House v. Bell*, 126 S. Ct. 2064 (2006). The habeas time-bar is not jurisdictional; it is subject to equitable tolling where

---

[3] Counsel is aware that it is not their job to do so, however, it should be still noted that neither the court nor the Commonwealth identified this issue either when the Court granted the initial motion on August 21, 2015 – four months before the December date.

[4] One such claim was ineffective assistance of counsel related to lack of presentation of mitigation evidence, which could have been a highly meritorious claim. Counsel had discussed this claim with her client multiple times. She had obtained records and had her private investigator attempt to obtain necessary affidavits only to learn last week that this claim can not be presented. Counsel would have however been ineffective for not undertaking this investigation.

[5] At the time of this submission, counsel had not yet received any corrections or changed back from the client other than those related to one mitigation issue.

Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549 (2010). Counsel avers that this is just such an extraordinary circumstance. *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002). In *Holland*, the Supreme Court held that equitable tolling must not be rigidly applied, but rather must be interpreted in line with "more general equitable principles;" further, the Court suggested that improper attorney conduct can satisfy the standard. Present counsel's inadvertent omission should not prevent this individual federal review.

It is further averred that the Commonwealth should not be prejudiced by the lack of notice of the claims in that they were not only made aware of the claims throughout the state proceedings. Additionally, they also had constructive notice of a good number of the claims that Petitioner was raising in that many of the claims were included in and/or were identical to claims raised in his co-defendant's habeas petition which has been pending with this court for some time.

For the foregoing reasons, counsel for the Petitioner respectfully requests that this court, in its' discretion, find that the amended petition and memorandum of law which will be hand filed with the Court within the next day be considered timely and the claims reviewed on their merits.[6] *U.S. V Duffus*, 174 F.3d 333, 337 (3rd Cir. ) *cert. denied*, 528 U.. 866 (1999).

Sincerely,

*Teri B. Himebaugh*

Teri B. Himebaugh, Esq.

Cc: Susan Affronti, Esq.
Rasheed Simpson

---

[6] An Amended Petition and its' Memorandum of Law in Support apparently cannot be filed electronically. Counsel is having the requisite number of copies made of the petition, memorandum of law and reproduced record made and will hand file them with the Court as soon as they are complete, either later today or tomorrow.



# SUPREME COURT OF PENNSYLVANIA
# CONTINUING LEGAL EDUCATION BOARD
PO Box 62495   Harrisburg, PA 17106-2495

March 21, 2016

# CRIMINAL PROCEDURE RULE 801

## CONTINUING LEGAL EDUCATION QUALIFICATION CERTIFICATE FOR DEFENSE COUNSEL IN CAPITAL CASES

| Himebaugh, Teri | 53603 |
|---|---|
| **Lawyer Name** | **Law ID** |

On June 4, 2004 the Supreme Court of Pennsylvania adopted a new rule setting standards for experience and continuing legal education required of all criminal defense counsel representing defendants in proceedings involving possible capital punishment.

For the purposes of certification, this document shall serve as confirmation that the attorney noted above has completed the requisite hours of capital counsel continuing legal education credits in order to qualify as defense counsel in capital cases. This document indicates eligibility for appointment or to enter an appearance pursuant to new Rule 801 in accordance with the Supreme Court of Pennsylvania's capital counsel qualification phase in schedule. Educational requirements met as follows:

(1) by November 1, 2004 attorney has completed a minimum of six (6) hours of training relevant to representation in capital cases, as approved by the Continuing Legal Education Board.

(2) by November 1, 2005 attorney shall complete a minimum of twelve (12) hours of training relevant to representation in capital cases, as approved by the Continuing Legal Education Board.

(3) by May 1, 2006 attorney shall complete a minimum of eighteen (18) hours of training relevant to representation in capital cases, as approved by the Continuing Legal Education Board.

For a detailed list of individual CLE courses or activities, the PA CLE Board's website can be accessed at www.pacle.org.



1

## PA CLE Qualifying Capital Counsel

The following lawyers have met the CLE qualifying standards for appointment as capital defense counsel as detailed in Criminal Procedure Rule 801. Click on the lawyer name to print qualifying documentation.

| Lawyer Name | County | Credits |
|---|---|---|
| Abrams-Morley, Jesse | Philadelphia | 22.5 |
| Abreu, Victor | Philadelphia | 41.5 |
| Adjoian, Aren | Philadelphia | 35 |
| Angell, Samuel | Philadelphia | 38.5 |
| Belter, Cassandra | Philadelphia | 36.5 |
| Berardinelli, James | Philadelphia | 29 |
| Berryman, Catherine | Philadelphia | 24 |
| Blender, Gregg | Philadelphia | 25 |
| Bojazi, Dolores | Philadelphia | 20 |
| Boltinghouse, Christopher | Philadelphia | 22 |
| Borum, Trevan | Philadelphia | 36 |
| Bowe, William | Philadelphia | 26 |
| Bridge, Bradley | Philadelphia | 19 |
| Brown, Richard | Philadelphia | 20 |
| Capuano, Gina | Philadelphia | 19 |
| Carmen, Francis | Philadelphia | 45 |
| Charpentier, Cristi | Philadelphia | 42.5 |
| Chiccarino, Jennifer | Philadelphia | 55.5 |
| Clarke, Constance | Philadelphia | 23.5 |
| Coard, Michael | Philadelphia | 21 |
| Cohbra, Sara | Philadelphia | 19 |
| Conner, Daniel | Philadelphia | 20 |
| Conway, Paul | Philadelphia | 31 |
| Cornish, David | Philadelphia | 69.5 |
| Coyne, Regina | Philadelphia | 18 |
| Cujdik, Gwenn | Philadelphia | 20 |
| Donnella, Amy | Philadelphia | 26 |
| Echemendia, Rachel | Philadelphia | 22 |
| Ensler, Katherine | Philadelphia | 32.5 |
| Epstein, Jules | Philadelphia | 89 |
| Farrell, J. | Philadelphia | 30 |
| Fennell, Stephanie | Philadelphia | 22 |
| Freeman, Arianna | Philadelphia | 26.5 |
| Fuschino, Richard | Philadelphia | 18 |
| Gamburg, Robert | Philadelphia | 19 |
| Gilson, Mark | Philadelphia | 30 |
| Gonzales, Michael | Philadelphia | 43.5 |
| Goodman, Fred | Philadelphia | 84 |
| Greenberg, Kate | Philadelphia | 19 |
| Gross, Stephen | Philadelphia | 28 |
| Hadayia, Elizabeth | Philadelphia | 28.5 |
| Handrich, Kirk | Philadelphia | 26 |
| Harris, Andrew | Philadelphia | 32 |
| ⟶ Himebaugh, Teri ⟵ | Philadelphia | 38 |
| Hoof, Bobby | Philadelphia | 18 |
| Hudson, Keisha | Philadelphia | 34.5 |
| Jayaraman, Mythri | Philadelphia | 34.5 |
| Kane, Timothy | Philadelphia | 31 |
| Kannah, Nixon | Philadelphia | 18 |
| Kauffman, Earl | Philadelphia | 22 |
| Kilroy, Geoffrey | Philadelphia | 18 |
| Konow, Andrea | Philadelphia | 44 |
| Krasner, Lawrence | Philadelphia | 35 |
| Kulp, Whitney | Philadelphia | 22 |
| Kursman, Alexander | Philadelphia | 25 |
| Larrabee, Owen | Philadelphia | 26 |

# Re: Rasheed Simpson

| | |
|---|---|
| **From:** | Shawn Nolan <Shawn_Nolan@fd.org> |
| **To:** | thimebaughesq@earthlink.net |
| **Subject:** | Re: Rasheed Simpson |
| **Date:** | Apr 20, 2015 10:59 AM |

here is the SOL calculation. Looks like 281 days from the PA supreme's decision (March 25, 2015) = December 31, 2015

Happy New year !!


AEDPA Calculator - RASHEED SIMPSON

0.      Has a federal habeas petition been filed in this case?  NO

        A. YES - if yes, has it been dismissed?
            1)   YES - if yes, continue
            2)   NO - if the habeas is pending or on appeal, you
                 don't need to worry about AEDPA dates.  Please note
                 in the AEDPA memo that the habeas petition is filed
                 in DCT.

        B. NO - if no, please proceed with the rest of these questions.

1.      Date of state supreme court decision (direct appeal): 7/20/00

2.      Was reargument sought in state supreme court?   YES

        A. If yes, date of denial of reargument by state supreme court: 9/18/00

        B. If no, cert deadline is counted from #1.

3.      Was petition for certiorari filed in U.S. Supreme Court?   YES

        A. YES. If yes, date of filing of petition for cert: 2/15/01
                Date of denial of certiorari: 6/25/01

        B. NO.  If no, the time for filing expired 90 days from #1 or
        #2(B), depending on whether reargument was sought.  Add 90 days
        to the date in #1 or #2(B).

Your answer to question 3 (A or B) is the date the conviction becomes final for AEDPA purposes.

4. Date of filing a PCRA petition (counseled or pro se) in the Court of Common Pleas. For conservative purposes, use the date reflected on the docket, not the mailbox rule:
9/17/01

5. Subtract #3 from #4 to find the number of days "used" on the AEDPA clock.
84

6. 365 minus your answer to #5 is the time remaining on the clock.
281

This is the number of days you have to file your federal habeas petition from the Pennsylvania Supreme Court's decision on PCRA appeal.

Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender for the Eastern District of Pa.
601 Walnut Street - Suite 545 West
Philadelphia, PA 19106
(215) 928-0520


From: thimebaughesq@earthlink.net
To: Shawn Nolan <Shawn_Nolan@fd.org>,
Date: 04/17/2015 06:02 PM
Subject: Re: Rasheed Simpson


Terrific thank you have a good weekend


> On Apr 17, 2015, at 4:43 PM, Shawn Nolan <Shawn_Nolan@fd.org> wrote:
>
> sure. can you call me at 10:30 on Monday?
>
> Shawn Nolan
> Chief, Capital Habeas Unit
> Federal Community Defender for the Eastern District of Pa.

```
> 601 Walnut Street - Suite 545 West
> Philadelphia, PA  19106
> (215) 928-0520
>
>
>
> From:    "Teri B. Himebaugh, Esq." <thimebaughesq@earthlink.net>
> To:      Shawn_Nolan@fd.org,
> Date:    04/17/2015 12:57 PM
> Subject: Rasheed Simpson
>
>
>
> Dear Shawn: I was wondering if we could set up a quick call sometime next
> week (Monday through Thursday) to discuss a couple of things related to
> this case? Just give me a date and time. Thanks
>
> Teri B. Himebaugh, Esq.
> 220 Stallion Lane
> Schwenksville, PA 19473
> (610) 287-0216
>
>
```