**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RASHEED SIMPSON                                    :          CIVIL ACTION

    v.                                                         :

JOHN E. WETZEL, <u>et al</u>.                             :          NO. 15-4510

<u>**MOTION TO STRIKE HABEAS PETITION**</u>

       Petitioner is a Pennsylvania state prisoner.  Almost twenty years ago, he was
convicted of first-degree murder, kidnapping, robbery, conspiracy and possession of an
instrument of crime and sentenced to death.  Respondents ask the Court to dismiss the
present petition as untimely filed.

***Facts and Procedural History***

       Petitioner and his conspirators kidnapped Allister Durrante, a small-time
marijuana seller.  They then bound, gagged, hooded and beat the victim.  They contacted
Durrante's family and demanded a $20,000 ransom.  When Durrante's family failed to
pay the ransom within fifteen minutes, petitioner and his conspirators executed Durrante
with four shots to the head and left his body in an abandoned lot.

       On December 17, 1997, a jury sitting before the Honorable David N. Savitt
convicted petitioner of first-degree murder, kidnapping, robbery, conspiracy and
possessing an instrument of crime.  At petitioner's December 18, 1997 penalty hearing,
the Commonwealth presented evidence to establish the aggravating circumstances that
petitioner:  was holding the victim for ransom or reward at the time of the murder; had a
significant history of felony convictions involving the use or threat of violence to the

person; and had been convicted of another murder committed either before or after the offense at issue.

The evidence of petitioner's extensive, violent criminal history was extensive.  On May 13, 1990, petitioner and a co-conspirator robbed nineteen-year-old Mark Ramos at gunpoint.  On January 30, 1993, petitioner unloaded a hail of bullets on a car occupied by twenty-one year old Donnell Carroway and four other men, killing Carroway.  On May 5, 1993, petitioner robbed seventeen-year-old Kareem Astillero and twenty-year-old Frank Lee.  He shot Astillero in the chest and leg and Lee three times in the leg.  Finally, petitioner was convicted of aggravated assault and conspiracy for the January 12, 1995 stabbing of eighteen-year-old Tariq Harris at Holmesburg prison (N.T. 12/18/97, 16-33).

Petitioner sought to prove mitigation with evidence of his age and of his character and the circumstances of his offense.  The jury found three aggravating circumstances and one mitigating circumstance: petitioner's age.  On December 22, 1997, it returned a verdict of death.  The court also sentenced petitioner to concurrent terms of imprisonment of ten to twenty years for robbery and kidnapping, five to ten years for conspiracy, and two and one-half to five years for possessing an instrument of crime (N.T. 12/22/97, 4-17).

On July 20, 2000, the Pennsylvania Supreme Court affirmed the judgments of sentence.  *Commonwealth v. Simpson*, 754 A.2d 1264 (Pa. 2000).  On June 25, 2001, the United States Supreme Court denied petitioner's request for certiorari review.  *Simpson v. Pennsylvania*, 533 U.S. 932 (2001).

Petitioner filed a *pro se* PCRA petition on September 17, 2001.  Present counsel was appointed and filed an amended petition on July 9, 2002.  On October 18, 2005, the

PCRA court granted the Commonwealth's motion to dismiss.  Petitioner appealed and on March 26, 2013, the Pennsylvania Supreme Court affirmed in part and vacated in part, remanding for an evidentiary hearing on two claims.  *Commonwealth v. Simpson*, 66 A.3d 253 (Pa. 2013).

Following the hearing, the PCRA Court again dismissed the matter.  On March 25, 2015, the Pennsylvania Supreme Court affirmed the PCRA Court's dismissal of the petition.  *Commonwealth v. Simpson*, 112 A.3d 1194 (Pa. 2015).

On August 5, 2015, petitioner filed a motion for stay of execution in this Court. On August 12, 2015, petitioner filed a "petition for writ of habeas corpus," but the submission did not set forth any claims, rather the petition stated that the "petitioner will identify the claims raised... in his forthcoming counseled habeas petition."  2015 Petition at 8.  On March 21, 2016, petitioner filed this counseled petition, which belatedly identifies twenty-four claims for relief.  A memorandum of law was filed at the same time.

Respondents deny that petitioner is entitled to federal habeas review or relief. The claims set forth in the present petition were untimely submitted and must be dismissed.

**DISCUSSION**

**I.      The present petition was not filed within the one-year habeas statute of limitations.**

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was effective on April 24, 1996.  28 U.S.C. §§ 2241-2255. Section 2244(d) creates a strict one-year time limit for filing new petitions and provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d) (1).

Petitioner's sentence became final on June 25, 2001, when the United States Supreme Court denied his petition for writ of certiorari.  Petitioner was required to initiate his federal habeas action within one year of that date, unless this deadline was subject to statutory or equitable tolling.

***Petitioner is entitled to statutory tolling, but, standing alone, it is not sufficient to render the present petition timely filed.***

The one-year time limitation is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…."  28 U.S.C. § 2244(d)(2).  Petitioner's PCRA petition was filed on September 17, 2001.  Petitioner's collateral appeal concluded on March 25, 2015 when the Pennsylvania Supreme Court affirmed the denial of the PCRA petition.

Therefore, the one-year habeas statute of limitations started on June 26, 2001, and stopped on September 17, 2001, with two hundred and seventy-nine days remaining. The clock began to run again on March 26, 2015, and expired on December 30, 2015.

Though petitioner had filed a blank petition in this Court before that date, petitioner did not present this Court with any "claims" to review until March 21, 2016, almost three months late. It is well-established in this jurisdiction that the time-bar must be addressed on a "claim-by-claim" basis. *United States v. Duffus,* 174 F.3d 333, 337 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999). A decade ago, the United States Supreme Court adopted this same approach for courts throughout the country. *Mayle v. Felix*, 545 U.S. 644, 649, 664 (2005). Unless petitioner can demonstrate that he is entitled to equitable tolling. His claims must be dismissed as untimely.

***Petitioner cannot demonstrate that he is entitled to equitable tolling.***

The United States Supreme Court has concluded that the AEDPA statute of limitations "may be tolled for equitable reasons." *Holland v. Florida,* 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling ***only*** if he shows (1) that he has been pursuing his rights diligently, ***and*** (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner *must meet both* of these requirements. *Pace*, 544 U.S. at 418, *citing Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Mere excusable neglect is not sufficient." *Miller*, 145 F.3d at 618. As the Supreme Court has stated repeatedly, "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (citations omitted).

In her March 21, 2016 letter to this Court, petitioner's counsel essentially agrees with the statutory tolling calculation set forth above.[1]  She seeks equitable tolling, explaining that she believed the filing of a habeas form that did not contain any claims was sufficient to ensure that any future claims would "relate back" and be deemed "timely" filed.  She presents various legal grounds for this general assertion, but each must be rejected.

Petitioner argues very generally that it would be "manifestly unjust" not to provide him equitable tolling in this case.  Equitable tolling is not such an amorphous construct.  Pleas to make the analysis less structured have been specifically rejected. *Menominee Indian Tribe v. United States*, 136 S.Ct. 750, 755-56 (2016),  Rather, the Court has been clear – the petitioner must establish two elements:  (1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 755, *quoting Holland*, 560 U.S. at 649.  These elements are distinct and petitioner must make a showing as to *both*. *Id.* at 756, *citing Lawrence*, 549 U.S. at 336-37; and *Pace*, 544 U.S. at 418.  *See also Holmes v. Spencer*, --- F.3d --- (1st Cir. 2016) (retired Justice Souter explaining that the two-prong equitable tolling analysis is *mandatory*).  Here petitioner cannot meet either.

*Diligence*

Petitioner cannot show that he has been pursuing his rights diligently.  When the state collateral proceedings concluded in this matter, petitioner had two hundred and seventy-nine days (more than nine months) to file a timely habeas petition raising actual

---

[1]  Simpson stated a belief that the one-year clock expired on December 31, 2015.  As is set forth above, respondents believe the deadline actually expired on December 30, 2015, but ultimately this dispute over one day does not alter the analysis here.

claims for relief.  This is *more than enough* time for a reasonably diligent petitioner to file a habeas petition.  *Compare Pace*, 125 S.Ct. at 1815 (a delay of five months cannot be reasonably diligent); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (a delay of eight months was not reasonable diligence); *Cooper v. Price*, 82 Fed.Appx. 258, 261 (3d Cir. 2003) (not precedential) (same).

The filing of a federal habeas petition is not supposed to be a third round of appeals for a habeas petitioner.  Rather, the doctrine of procedural default is designed to "make the state trial on the merits the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing." *Coleman v. Thompson*, 501 U.S. 722, 747 (1991).  Both the doctrine of default and the AEDPA standard of review, restrict review of petitioner's claims to the facts and legal arguments presented to the state court.  *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).  Petitioner had nine months to complete a standardized form that requires only an assertion of the claims that petitioner was seeking to assert and the basic facts in support of that claim with a reference to when during state process these claims were properly exhausted.  That should have been more than enough time for a reasonably diligent petitioner.

Furthermore, this is not an instance with an unrepresented *pro se* prisoner.  This is an instance where petitioner is represented by a highly qualified attorney who had been working on his case for *more than a decade*.  Present counsel was already familiar with the record in this case and the claims that had been fairly presented to the state court.  Indeed, she had pled and argued those same claims during the state collateral appellate process.

This is an instance where petitioner did not act with diligence.  He delayed nine months before submitting any claims to this Court.  That is not diligence.  Any equitable tolling argument must be rejected on that basis alone.

*Counsel's error is not an "extraordinary circumstance"*

Petitioner must also show that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649.  Petitioner presents this Court with two arguments on this point: (1) counsel's mistake of law is an extraordinary circumstance and (2) this Court should apply a different standard because this is a capital case.  The Supreme Court has rejected both of these arguments.  This Court must as well.

Mistake of law

Though the Supreme Court has acknowledged that certain types of *extraordinary errors* by counsel might provide a basis for equitable tolling, simple legal "miscalculation" by an attorney is not such an error.  The reason is clear:  "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."  *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007).

The defense in *Lawrence* argued that there was "legal confusion" about how to calculate the time-bar in his specific context.[2]  Thus, Lawrence argued, it was not fair to hold him to a rule that was not clearly established.  But the Supreme Court disagreed, concluding that there was no real disagreement about the manner in which the time-bar

---

[2]  At the time, there was no Supreme Court precedent that stated with particularity whether the one-year statute of limitations would be tolled while a petitioner sought certiorari review from the United States Supreme Court on collateral appeal.

was calculated.  Since the law was well-settled, counsel's error was not "extraordinary," but rather the type of "ordinary" miscalculation that cannot provide a basis for equitable tolling.

Here, petitioner must admit that the law is well-settled.  A decade ago, the United States Supreme Court endorsed the Third Circuit's long-standing rule that the habeas time-bar must be assessed on a "claim-by-claim" basis.  *Mayle*, 545 U.S. at 664 (holding that "[a]n amended habeas petition… does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

The standard habeas form – filled out by counsel here – expressly sets forth this rule:

> Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. §2244(d)(l). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify claims which were timely presented. See United States v. Thomas, 221 F. 3d 430 (3d Cir.2000).)

Petition at 1-2.

Counsel's error is the very essence of garden-variety attorney error on a clear point of law.  As the Supreme Court has stated repeatedly, a simple error of law that results in a miscalculation of the time-bar is not a basis for equitable tolling.  *Holland*, 560 U.S. at 651; *Lawrence*, 549 U.S. at 336-37.  This stands in sharp contrast to the type of "error" present in *Holland*, where petitioner's lawyer withheld crucial information from his client (failing to advise him that his collateral appeal had been dismissed) and ignored letters from petitioner that specifically noted the relevant legal rules and urged

9

swift action from counsel.  In *Holland*, counsel actively obstructed the petitioner's attempts to litigate his claims in federal court.  This is a very far cry indeed from the run-of-the-mill attorney miscalculation alleged here.

<u>Death is different</u>

Finally, counsel argues that this is a death penalty case, so the rules should be different.  There are several problems with this assertion.  First, the time-bar was enacted with the express purpose of expediting litigation in *capital cases*.  There was never a capital exception to the one-year statute of limitations.  Rather, the statute of limitations was enacted with a specific eye toward capital litigation, where defendants had an incentive to delay collateral litigation in an effort to forestall executions.

Admittedly, the Third Circuit has, at points, adopted a "death is different" standard in the context of equitable rules.  But that precedent has been limited, if not wholly overruled, by the Supreme Court cases that have been announced since.

In 2001, in *Fahy v. Horn*, the Third Circuit discussed equitable tolling in the context of a capital case.  240 F.3d 239 (2001).  The court noted the general rule that "attorney error, miscalculation, inadequate research, or other mistakes" are not sufficiently "extraordinary" circumstances to justify equitable tolling.  *Id*. at 244. Referring to the general rule that "death is different," noting the "ever-changing complexities" of the rules of procedure at the time, the Court decided that "less than extraordinary circumstances" would provide a sufficient basis for equitable tolling in the capital context.  *Id*. at 245.

However, the Supreme Court subsequently expressly rejected this approach in both *Lawrence* and *Holland*.  Each of these cases were capital.  Yet in both cases, the

Supreme Court *required* that the petitioner show "extraordinary" circumstances. *Holland*, 560 U.S. at 649; *Lawrence*, 549 U.S. at 336.  This clearly overrules the Third Circuit's ruling that "less than extraordinary circumstances" might be enough.

The facts of *Lawrence* are particularly compelling in the present case.  Lawrence allowed 364 days to pass before he filed his petition for collateral relief in state court.  As a result, he had only one day to file a habeas petition upon the conclusion of his collateral appeal.  When the Florida Supreme Court rejected Lawrence's appeal, instead of immediately filing a federal habeas petition, Lawrence's attorney chose to file a petition for writ of certiorari in the United States Supreme Court, believing (wrongly) that he was entitled to statutory tolling for the period that his petition for certiorari review was pending.  As a result, of Lawrence's attorney's legal miscalculation, Lawrence's habeas petition was filed 112 days late.  The Supreme Court rejected Lawrence's plea for equitable tolling, explaining that counsel's miscalculation of the time could not be a basis for equitable tolling.  In so ruling, the Supreme Court concluded that Lawrence, a death penalty inmate, was not subject to any "special" protections.  Rather, a showing of an "extraordinary circumstance" was required for equitable tolling, just as it would be for any other habeas petitioner.

The "death is different" rule set forth in *Fahy* is in diametric opposition to the rule in *Lawrence*.  It is clear that *Lawrence* requires a showing of "extraordinary circumstances" in capital case, just the same as non-capital cases.  To the extent that *Fahy* applied a standard that permitted "something less" than a showing of extraordinary circumstances it has been overruled.  It is the Supreme Court's more recent decision in *Lawrence* which should control the Court's analysis here, not the abrogated rule of *Fahy*.

*See United States v. Berrios*, 676 F.3d 118, 126, n.1 (3d Cir. 2012)("as an inferior court in the federal hierarchy, we are, of course compelled to apply the law announced by the Supreme Court as we find it on the date of our decision…. Thus, we should not countenance the continued application in this circuit of a rule ... which is patently inconsistent with the Supreme Court's pronouncements.")(citations and quotation marks omitted).

In any event, petitioner cannot show that he can meet even the *Fahy* standard.  An important factor in the *Fahy* case was the "ever-changing complexities" of the rules of procedure at the time.  *Id*. at 245.  Essentially, the Court concluded that there was "so much confusion" about the law at the time that this factor, combined with Fahy's capital status, changed the analysis.  This case stands in stark contrast.  There is no lack of clarity in the law.  *Duffus* was decided in 1999.  *Mayle* was decided in 2005.  Petitioner was not faced with "ever-changing complexities" but with clear law and clear rules.  Clear rules that were clearly stated in the instructions on the *very first page* of the form that petitioner's counsel filed.  Even if *Fahy* remains good law, petitioner cannot show that he is entitled to equitable tolling.

<u>If the *Fahy* exception applies at all, it must be limited to claims relating to the penalty</u>

As discussed, the *Fahy* "death is different" language has been overruled by the United States Supreme Court.  If somehow this Court were to reach a different result, then, at a minimum, any application of the abrogated *Fahy* rule must be limited to claims that relate to the penalty phase proceedings alone.

If this were not a death penalty case, then the claims set forth in the belated filing would clearly be untimely and unreviewable.  *Compare Merritt v. Blaine*, 326 F.3d 159,

169 (3d Cir. 2003) and *Fahy*, *supra*.  The sole basis offered for the change of analysis was the "gravity of the penalty."  *Merritt*, 326 F.3d at 170.  As a result, if this equitable exception applies at all, then it must be limited to claims that challenge the "grave penalty" that the Third Circuit was focused on.

The time-bar is calculated on a "claim-by-claim" basis.  The question before the Court is the timeliness of each claim, not the over-all petition.  *See, e.g., Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (applying the equitable tolling analysis on a claim-by-claim basis).  If the "extraordinary" fact that provides the basis for tolling is that petitioner is subject to a death sentence, then *only* claims that relate to that "extraordinary" fact can be given the benefit of equitable tolling.  In this instance, that must mean that the only claims subject to equitable tolling would be claims relating to error that occurred during the penalty phase.

This makes sense.  Petitioner's claims relating to the guilt phase of the trial are no different than any claims raised by any other petitioner in a typical first-degree murder case where the defendant was given a life sentence.  Any challenge to the guilt phase of a "life case" would not benefit from equitable tolling in this instance.  *See Merritt*, *supra*. Petitioner's claims that relate to the guilt phase of his trial are identical to the challenges raised by any non-capital defendant.  Only his challenges to the penalty phase of his trial are in any way "different" from the claims presented by a non-capital defendant.  As such, if he has any right to equitable tolling, that right must be limited to the "different" type of claims – his penalty phase claims.

**II.     If this Court was to somehow determine that the petition was timely filed, this Court should permit an immediate appeal.**

If this Court were to determine that the present petition is timely filed, the Commonwealth respectfully requests that this Court permit the Commonwealth to take an immediate appeal.  See 28 U.S.C.A. § 1292(b); F.R.A.P. 5(a)(3).  The granting of such permission is appropriate when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion[,]" and when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b).  These prerequisites are satisfied here.

"Difference of opinion"

The Commonwealth believes there is no "difference of opinion in this area" – *Fahy* has clearly been overruled.  If this Court deems it otherwise, then it would constitute a substantial split from other courts of appeals.

Now retired Supreme Court Justice Souter, sitting by designation in the First Circuit, has explained that the two-prong equitable tolling analysis, requiring a showing of "extraordinary circumstances" is now "mandatory."  Thus, any prior characterizations of the standard established by the circuit court are overruled.  *Holmes*, ___ F.3d at n.1. *See also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (concluding that the two part *Holland* test overruled the circuit court's prior 5 factor equitable tolling test).

Prior to *Lawrence* and *Holland*, other circuits had already rejected the *Fahy* approach of using a "different" standard for death penalty cases.  *See Downs v. McNeil,* 520 F.3d 1311, 1323, n. 8 (11th Cir. 2008); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004); *Rouse v. Lee*, 339 F.3d 238, 254 (4th Cir. 2003).

Respondents have not identified any circuit that still uses the "death is different" approach.  Nor can the respondents identify any circuit cases that is currently using a standard other than the two prong standard established by the Supreme Court.

<u>"Controlling" question of law</u>

Additionally, it is plain that this is a controlling question of law.  *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally").  If the claims in this petition are, in fact, time-barred then the litigation should end immediately.  Allowing an appeal from any denial of this motion to strike may well advance the ultimate termination of the litigation.

*Fahy* itself provides a good example of this.  In that case, the district court concluded that the matter was not time-barred.  The Commonwealth was permitted to seek an immediate appeal of the matter and the case was stayed in the district court pending the resolution of that appeal.

<u>Conclusion</u>

The Commonwealth believes the law is clear and the claims in this petition are untimely submitted and cannot be considered.  If this Court were to rule differently, the Commonwealth should be granted permission to pursue an immediate appeal.

**WHEREFORE,** respondents respectfully request that the Court strike the Petition for Writ of Habeas Corpus as untimely filed, or in the alternative allow respondents permission to file an immediate appeal.

Respectfully submitted,

*/s/ Susan E. Affronti*

SUSAN E. AFFRONTI
Chief, Federal Litigation

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASHEED SIMPSON                          :          CIVIL ACTION

      v.                                       :

JOHN E. WETZEL, et al.                   :          NO. 15-4510

## CERTIFICATE OF SERVICE

I, SUSAN E. AFFRONTI, hereby certify that on June 2, 2016, petitioner's

counsel will be served with a copy of the foregoing pleading via email.


            _/s/ Susan E. Affronti_
            SUSAN E. AFFRONTI
            Chief, Federal Litigation
            Philadelphia District Attorney's Office
            Three South Penn Square
            Corner of Juniper and S. Penn. Sq.
            Philadelphia, PA 19107-3499
            (215) 686-5703