**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHEED SIMPSON,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| **Respondents.** | : | **No. 15-4510** |

<u>**MEMORANDUM**</u>

PRATTER, J.                                                                                    OCTOBER 28, 2016

    In this death penalty *habeas* action, Respondents have asked the Court to strike

Petitioner's amended petition as untimely, arguing that he filed the amended petition months

after the expiration of the statute of limitations and cannot avail himself of equitable tolling.  Mr.

Simpson responds that because he was relying on the Court's order granting him an extension of

time to file, he is entitled to equitable tolling.  Because a court order setting a deadline beyond

the expiration of the statute of limitations with no objection from Respondents until well after the

expiration of the statute of limitations does qualify as an extraordinary circumstance sufficient to

toll the statute of limitations, and the Court will deny Respondents' motion to strike.

BACKGROUND

    Mr. Simpson initiated this action in August, 2015 by filing a motion for stay of execution

and for leave to file a *habeas* petition.  No response was filed, despite service on Respondents.

The Court granted the motion, giving Mr. Simpson 180 days to file his petition.  The motion did

not mention the statute of limitations or that the proposed extension would exceed the AEDPA

statute of limitations deadline (either December 30, 2015 or December 31, 2015, according to the

parties – a distinction without a difference for the purposes of this Memorandum).  At the same

time, Mr. Simpson also filed a placeholder petition, which did not specify any particular claims. In January, Mr. Simpson again moved for an extension of time to file a petition, explaining that in this death penalty *habeas* case more time was needed to research and draft a complex petition, and the Court again granted that extension, with April 18, 2016 listed as the new deadline. Once again, no mention was made of the statute of limitations, and Respondents did not file any response to the motion.

On March 18, 2016, months after the Court had already granted Petitioner's motions for extensions, counsel for Respondents sent and filed a letter, raising the issue that no claims were yet stated in this *habeas* case beyond a placeholder petition and claiming that the one-year statute of limitations had passed. Respondents took the informal position that this was a significant problem that they wished to bring to the Court's immediate attention. Respondents did not ask for any particular relief, file a motion, or do anything other than raise the issue by letter at that time.

Petitioner's counsel responded with a letter outlining her credentials for handling capital *habeas* cases, including attaching a record of her specific CLE training, and explaining that she consulted with the Federal Defenders office about how to handle the situation she was in (*i.e.*, with a client facing execution but insufficient time to prepare a complex petition). She said she thought that an amended petition to be filed in April would relate back to the original August 2015 filing date. She argued that it would be a miscarriage of justice for the Court not to decide the soon-to-be-filed, 199-page petition on the merits. On March 21, 2016, counsel for Petitioner filed Mr. Simpson's extensive petition, posing 24 grounds for relief.

After a conference at which the Court discussed the matter with counsel for the parties, the Respondents elected to file the pending motion to strike Mr. Simpson's *habeas* petition on

timeliness grounds.  Mr. Simpson responded, and the Court held oral argument, after which both parties supplemented their papers.

## DISCUSSION

All parties agree that the petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and that the AEDPA's one-year statute of limitations applies. The parties also agree that the statute of limitations expired in late December, 2015, or almost three months before Mr. Simpson filed his extensively substantive petition.  Thus, the primary question is whether equitable tolling can be applied.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* (internal citations and quotations omitted).

Respondents argue both that Mr. Simpson was not reasonably diligent and that no extraordinary circumstance prevented timely filing.  As to diligence, Respondents argue that Mr. Simpson had nine months to file a petition with at least the claims and basic facts, which they assert is more than enough time, especially considering that he had counsel to represent him.[1] As to extraordinary circumstances, Respondents assert that there is nothing extraordinary about counsel's miscalculation of time and cites cases in which equitable tolling was denied when

---

[1] The Commonwealth erroneously insists that counsel represented Mr. Simpson throughout his state proceedings, for over 10 years.  In reality, current counsel was first retained in 2013 to represent Mr. Simpson with respect to two claims that were remanded to the trial court, so to the extent the Commonwealth argues that counsel was intimately familiar with Mr. Simpson's entire case, that assertion is simply not sufficiently accurate to carry the day.

attorneys misunderstood how to properly calculate the statute of limitations. *See, e.g., Lawrence v. Florida*, 549 U.S. 327 (2007).[2]

To show due diligence, Mr. Simpson counters that researching and preparing a petition in a complex death penalty case, particularly one in which 24 claims are ultimately asserted, took an exceptional amount of effort. *See, e.g., Riley v. Taylor*, 62 F.3d 86 (3d Cir. 1995) (reversing district court's refusal to allow petitioner additional time to amend complex death penalty petition). Petitioner points to the length of the finished produce (199 pages) and to counsel's status as a solo practitioner. Petitioner details all of the work that went into preparing the petition, including reviewing the voluminous trial record, interviewing witnesses, and investigating all claims, including ones that ultimately were not presented. As to extraordinary circumstances, Mr. Simpson emphasizes the motions for and receipt of two unopposed extensions, that Petitioner and counsel understandably relied upon the Court's orders, and that no mention was made by either the Court or Respondents of the impending statute of limitations deadline.

Certainly, there is ample proof that Petitioner has been diligent in presenting the claims. Despite what Respondents argue, it is clear that Petitioner's counsel, in reliance on the Court's orders granting extensions, worked diligently in drafting a thorough and comprehensive petition. And immediately after the statute of limitations issue was raised, Petitioner filed the petition. No

---

[2] Respondents also argue that the fact that this case involves the death penalty does not matter, arguing that although the Third Circuit Court of Appeals decided in *Fahy v. Horn*, 240 F.3d 239 (2001), that the extraordinary circumstances prong of equitable tolling may be relaxed in death penalty cases, subsequent Supreme Court cases have made it clear that no special rules apply to death penalty litigation. *See, e.g., Lawrence*, 549 U.S. at 336 (death penalty case; no distinction made for death penalty in applying equitable tolling test); *Holland*, 560 U.S. at 649 (same). Because the Court finds that extraordinary circumstances are present here, regardless of whether the standard is relaxed or not, the Court need not address this particular debate.

"miscalculation" of deadlines is at play here as that concept is typically interpreted, that is, in merely counting the days or misreading procedural rules.

As to extraordinary circumstances, the Court acknowledges that its own orders contribute to the creation of such circumstances in this case.  In discussing this second prong of the equitable tolling test, Respondents fail to acknowledge the Court's orders granting extensions to Mr. Simpson, let alone their failure to object to those extensions until well after the statute of limitations expired, in their initial briefing.[3]  Indeed, at oral argument, the Respondents failed to fully engage with or adequately respond to the idea that the Court's orders were relevant, let alone crucial, facts to be considered, and even in their supplemental response, the Respondents do not discuss the impact of those orders on the extraordinary circumstances analysis.  Rather, Respondents simply argue that the extensions should not have been granted in the first place and that, therefore, Mr. Simpson was not entitled to rely on the Court's orders.[4]  Ultimately, whether the Court should have granted the extensions or not, the orders granting those extensions, particularly when coupled with the Respondents' repeated failures to oppose the extensions, are among the extraordinary circumstances that entitle Mr. Simpson to equitable tolling.

Respondents also request that the Court permit an immediate appeal should it rule against them.  However, permission for an immediate appeal is only appropriate when an "order involves a controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(a).  Respondents focus their argument for permission to appeal on

---

[3] Indeed, neither side cites any cases that present issues similar to those raised here.  However, the parties' – and the Court's – failure to find any cases with facts similar to these facts simply reinforces that the circumstances are, in a word, extraordinary.

[4] Respondents argue that Mr. Simpson should have informed the Court that the extensions would have an impact on the statute of limitations deadline.  However, Respondents do not contend that Mr. Simpson intentionally misled the Court, nor does the Court have the slightest hint of evidence that this was the case.  Moreover, the Respondents present no excuse for failing to respond to the motions for extension in a timely fashion.

the "death is different" line of cases.  Because the Court does not address that argument, and because the Respondents have failed to address, let alone show substantial ground for difference of opinion as to the ultimate issue in this case – *i.e.*, whether a court's orders granting extensions, in the absence of any objection from an opposing party, may serve as extraordinary circumstances sufficient to allow equitable tolling – the Court will deny Respondents request for leave to file an immediate appeal.

CONCLUSION

For the foregoing reasons, the Court will deny Respondents' Motion to Strike.  An appropriate order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE